UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LAMOUNT WHITE, SR.,

    Plaintiff,

Case No. 24-cv-10330
Hon. Matthew F. Leitman

v.

SUSHRUTH SHENAVA,

    Defendant.
_____/

### ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF No. 2) AND (2) SUMMARILY DISMISSING COMPLAINT (ECF No. 1)

In this action, Plaintiff Brian Lamount White, Sr. alleges that his doctor, Defendant Sushruth Shenava, has failed to prescribe White certain prescription medications. (*See* Compl., ECF No. 1.) White has also filed an Application to Proceed *In Forma Pauperis* in this action (the "Application"). (*See* Application, ECF No. 2.) For the reasons stated below, the Court **GRANTS** the Application and **DISMISSES** the Complaint **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**I**

On February 8, 2024, White filed this action against Dr. Shenava. (*See* Compl., ECF No. 1.) White's Complaint, in its entirety, provides as follows:

1

> I have taken MRI's etc. … etc … etc … - My affliction is documented. They bombard me with [Acetaminophen], which has proven in the past, as well as continues to prove in the present, ineffective.
>
> I feel $100,000 is fair for my inconvenience.
>
> On 6/14/2023, at 9:22 a.m., I, Brian Lamount White Sr., talked to Sushrush Shenava M.D. about the pain in my lower back (Lumbar Spine-Pain) […] Dr. Shenava recommended physical therapy 3 times a week for 6 weeks, but yet, he will not 'prescribe' the medication necessary to 'alleviate' the pain in my lower back.
>
> Therefore, I, the Plaintiff, Mr. Brian Lamount White Sr., am requesting the Court order[] prescribed pain medication (Oxycodone, Percocet, Zannax for the anxiety I've had to suffer) etc. … etc. … Plaintiff is also requesting Damages in the amount of $100,000 (Punitive, Compensatory, Monetary).

(*Id.*, PageID.6-7.)  White also filed the Application due to his indigence. (*See* Application, ECF No. 2.)

## II

Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement ... of any suit, action, or proceeding... by a person who submits an affidavit that includes a statement of all assets ... that the person is unable to pay such fees...." *Id.*

In the Application, White reports a lack of income or significant assets. (*See* Application, ECF No. 2.)  The Court has reviewed the Application and is

satisfied that the prepayment of the filing fee would cause an undue financial hardship on White. The Court therefore **GRANTS** the Application and permits White to proceed *in forma pauperis*.

### III

When a plaintiff is allowed to proceed without the prepayment of fees or costs, the Court is required to screen the plaintiff's complaint and dismiss it if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *See also McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). While the Court must liberally construe documents filed by *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint nonetheless "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, the Court has carefully reviewed the Complaint and concludes that it fails to state a claim upon relief may be granted because White has failed to establish the Court's subject-matter jurisdiction over his claim. The Court has subject-matter jurisdiction over only (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331 – "Federal Question Jurisdiction") and (2) "all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different states" (28 U.S.C. § 1332 –

"Diversity Jurisdiction"). (*See* Show Cause Order, ECF No. 3, PageID.5.) Neither kind of subject-matter jurisdiction exists in this case.

The Court lacks Diversity Jurisdiction because both White and Dr. Shenava are citizens of the State of Michigan. White pleads that he lives in Highland Park, Michigan and that Dr. Shenava lives in Warren, Michigan. (*See* Compl., ECF 1, PageID.2.) Thus, because both parties are citizens of Michigan, Diversity Jurisdiction cannot exist. Likewise, White has failed to plead the existence of Federal Question Jurisdiction. Simply put, White has not brought any claims that arise under the Constitution, laws, or treaties of the United States. Accordingly, because White has not and cannot establish this Court's subject-matter jurisdiction over his claims, the Court will **DISMISS** his Complaint **WITHOUT PREJUDICE**.

IV

For all of the reasons stated above, **IT IS HEREBY ORDERED** that (1) White's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED** and (2) White's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies that any appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: April 3, 2024

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 3, 2024, by electronic means and/or ordinary mail.

                                          s/Holly A. Ryan
                                          Case Manager
                                          (313) 234-5126